UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCELLOUS S. MCZEAL § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> THE HIGHER EDUCATION LOAN § <br> AUTHORITY OF THE STATE OF § <br> MISSOURI A/K/A MOHELA § <br> § <br> Defendants. | CIVIL ACTION NO. |

## ORIGINAL COMPLAINT

Plaintiff Marcellous McZeal ("Mr. McZeal" or "McZeal"), brings this action against the Higher Education Authority of the State of Missouri ("MOHELA" or "Defendant") and alleges the following based upon information, belief, and investigation.

## INTRODUCTION

Plaintiff, Mr. McZeal is a borrower under the Direct Parent PLUS Loans ("PLUS") program which are federal loans that graduate or professional students and parents of dependent undergraduate students can use to help pay for college or career school. PLUS loans can help pay for education expenses not covered by other financial aid.

Defendant, Higher Education Loan Authority of the State of Missouri ("MOHELA" or "Defendant'") is a non-profit corporation created by the State of Missouri with its headquarters located in St. Louis, Missouri. MOHELA provides student loan servicing and higher education

financing services. MOHELA was awarded a contract with the federal government that made it a servicer for Direct PLUS loans.

Since 2011, the U.S. Department of Education ("ED") paid MOHELA over $1.1 billion dollars to do one job: help borrowers navigate their student loan repayment options. Here, MOHELA engaged in conduct of its own design that trapped McZeal in systematic unlawful conduct including but not limited to, misinformation relating to status of loan, inaccurate accounting of debt owed, intentionally creating barriers to contact MOHELA including via phone and online access and most egregiously, inaccurate and unlawful reporting to credit reporting agencies resulting in the absolute destruction of McZeal's credit score.

Specifically, one month MOHELA writes to McZeal that his loans are in deferment and not a bill requiring payment. Then months later without warning, explanation or notification MOHELA sends a bill for a previously unidentifiable amount owed and then repeatedly bills for amounts not accurately reflecting the previously billed amount. Moreover, MOHELA failed to provide or explain the repayment of McZeal's loan regarding amount, duration, interest, etc.

McZeal made repeated unsuccessful attempts to contact MOHELA to and access his online account. Thereafter, MOHELA reported McZeal at least 90 days late to all three credit bureaus. This destroyed Mr. McZeal's previous +700 credit score and rescinded an existing loan offer and approval.

MOHELA's conduct violates federal and state laws including, but not limited to, reporting acts, for which McZeal seeks relief and recovery.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1692. Additionally, this Court has supplemental jurisdiction over the

state law claims pursuant to 28 U.S.C. § 1367.  Moreover, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and for purposes of this action, the Plaintiff is a citizen of the state of Texas and the Defendant is a citizen of the Missouri.

This Court has personal jurisdiction over the parties in this case. Mr. McZeal is a resident of Texas and, by filing this complaint, consents to this Court having personal jurisdiction over him.

This Court has personal jurisdiction over MOHELA because MOHELA transacts business in Texas by servicing the federal student loan accounts of borrowers residing in or attending educational institutions in Texas. Through those acts, MOHELA purposefully directs its conduct to Texas and avails itself of the benefits and protections of Texas law. Plaintiff's claims for relief arise from those acts. MOHELA does not enjoy sovereign immunity from suit. *Good v. United States Dep't of Educ.*, 121 F.4th 772 (10th Cir. 2024).

Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because MOHELA regularly transacts business in this district and a substantial part of the events and/or omissions giving rise to the claims herein occurred, in part, within this district.

## PARTIES

Plaintiff Marcellous McZeal is a resident of Houston, Texas and borrower under the Parent Plus Loan program.

Defendant MOHELA is a non-profit corporation created by the State of Missouri with a principal place of business at Spirit Drive, Chesterfield, Missouri 63005. MOHELA is one of the largest federal student loan servicers in the United States, with thousands of full-time employees and subcontractors who perform customary loan servicing, administrative, and advisory functions. MOHELA was established in 1981 pursuant to the Missouri Higher Education Loan Authority

Act, Title XI, Chapter 173, Section 173.350 to 173.445 of the Missouri Revised Statutes, inclusive, as amended (the "Authorizing Act"). Mo. Ann. Stat. § 173.360. Under its Authorizing Act, MOHELA can sue and be sued in its own name. *Id*. § 173.385.1(3). *Good v. United States Dep't of Educ.*, 121 F.4th 772 (10th Cir. 2024).

## FACTUAL ALLEGATIONS

### A. Brief Background on Federal Student Loans

In 1965, Congress enacted the Higher Education Act of 1965 ("HEA") to increase access to postsecondary educational opportunities by providing assistance in the form of grants and loans to students to attend colleges and universities.

Over time, the HEA has authorized several different types of federal student loans, including loans issued by private lenders and guaranteed by the federal government.

Since 2010, the federal government's primary student loan program has been the William D. Ford Direct Student Loan Program ("Direct Loan Program"). Through the Direct Loan Program, the United States Department of Education ("ED") lends directly to borrowers and is the holder of the loans. Today, approximately forty-three (43) million Americans owe more than $1.6 trillion in student loan debt.

This is particularly impactful to communities of color that suffered historical exclusion and obstacles to higher education. Resultantly, students of color are more likely to require debt, and in a higher amount, to afford a higher education. This does not preclude borrowers of color from the obligation to repay loaned money, at all. The point is that MOHELA's unlawful conduct of failing to properly service the loans disproportionately affect the already disproportionately impacted communities. …Salt in the wound.

### ED Hires Student Loans Servicers to Handle Day-to-Day Operations

The federal government does not administer the student loan system's day-to-day activities itself.  MOHELA is a student loan servicer performing a wide array of tasks, such as sending monthly bills, receiving and processing monthly payments, and providing customer service. They also receive and process applications for repayment plans and loan discharge programs. Student loan servicers are borrowers' primary, and often only, official points of contact regarding their federal student loans.

### MOHELA's Responsibilities

As a student loan servicer, MOHELA has had and continues to have several essential responsibilities. These include among others:

a. Being an accessible point of contact, by telephone, email, and through its web portal for borrowers seeking answers and information about their accounts, including how to apply for programs that they are eligible for; how to make payments; the amount of their payments; and other central information to ensure that they remain current and in good standing on their accounts.

b. Providing accurate and meaningful information to borrowers about available programs and their implications, through access to knowledgeable customer service representatives and information available in mailings and on its website.

c. Sending timely billing statements.

d. Correctly calculating payment amounts.

e. Maintaining the correct repayment and forbearance status for borrowers.

f. Automatically transferring borrowers in the REPAYE program to the SAVE plan and properly calculating their payments.

g. Accurately tracking payments toward PSLF forgiveness.

h. Accurately advising borrowers of IDR recertification dates.

> i. Timely and accurately processing applications and requests for new and existing programs, including SAVE and the refund program available during the COVID-19 Payment Pause, during which federal student loan payments and collections were paused and interest rates were reduced to zero percent ("Payment Pause").

MOHELA has a demonstrable track record of struggling to meet borrowers' needs, including voluminous complaints with the Consumer Financial Services Bureau ("CFB") of MOHELA's inaccessibility (waiting up to 9 hours to reach a MOHELA representative), failing to fully inform borrowers of the details of repayment, significant time lapses between communications with the borrower, providing inaccurate information, inability to access online account information and making significant accounting errors affecting borrowers' lives across the country.

McZeal has over a period of years, approximately 6 Parent Plus Loans. Each loan containing their own principal amount borrowed, interest rate, maturity and other terms, including potential eligibility for repayment plans or deferment.

Relating to Mr. McZeal, MOHELA failed to provide notice of repayment commencement date, repayment amount, how the amount was calculated, repayment alternatives and failed to provide accurate calculation of amount owed (in successive monthly statements).

Moreover, McZeal wrote to MOHELA about these deficiencies and called numerous times only to have the wait time average more than 5 hours. Further, McZeal noted that in his written correspondence that he could not use the known log in information to access his online account, even after designating "forgot password." (the system would say the account does not exist for the purpose of resetting the password).

Previously, MOHELA's conduct (as similarly complained of by McZeal) resulted in ED to withhold $7.2 million in payments to MOHELA. Specifically, MOHELA failed to send notification and invoices to borrowers 21 days in advance of their payment due date. Moreover, MOHELA was found to incorrectly bill borrowers into repayment. All of these occurrences created

confusion and inconsistencies between MOHELA and borrower. Moreover, MOHELA's actions are violations of law.

### MOHELA Actively Misleads McZeal and Withholds Information

In addition to inaccurately billing as described herein, MOHELA routinely provided, and continues to provide, inaccurate information about a variety of issues to McZeal.

To wit, MOHELA systematically and knowingly subjected McZeal to hours long holds, received uninformed information from representatives regarding the status and amount owed on his account and inaccurate online content, when the account was accessible. For example, the invoices on the online account (accessible after finally reaching MOHELA) does not contain the notifications from McZeal to MOHELA, does not contain all of the correspondence from MOHELA to McZeal, contains large gaps in time between communications and invoices with inaccurate accounting from month to month.

McZeal attempted to reach MOEHLA via telephone and experienced the virtual inability to reach customer service representatives or to otherwise obtain assistance from MOHELA. Some litigation, investigation and reports identify this as intentional by MOHELA as "call deflection."[1]

Although online and self-service options may be appropriate in some instances, it did not answer all McZeal's questions relating to the history, processing, accounting and servicing of this loan(s).

---

[1] "Call deflection" is the practice of diverting callers to MOHELA's website, ED's website, or other self-service features, rather than connecting callers with a live customer service representative, thereby allowing the company to maintain lower staffing levels than would otherwise be necessary to meet borrowers' needs. This strategy is laid out in MOHELA's internal Return to Repayment "Playbook."

Further, many of the resources to which MOHELA deflects callers are incomplete or inoperable. For example, between November 15, 2023, and December 12, 2023, the company's website warned borrowers that "you may be experiencing issues while logging in."[2]

Furthermore, MOHELA made it practically impossible for McZeal to get help on the inconsistencies and lack of information relating to his PLUS loans. This is especially troubling because in its written notices, MOHELA represents that borrowers can contact it for assistance. For example, in one of its recent notices to McZeal that his account was placed into administrative forbearance, MOHELA advertised its services by stating: "Difficulty Making Payments? We can help. Student loan counselors are available to discuss your repayment options including: Income-driven repayment plans, other repayment plans and schedules, [and] availability of consolidation, deferment, or forbearance."

However, McZeal's experiences make clear that MOHELA's loan counselors are not, in fact, available to help because he was practically unable to contact MOHELA customer service representatives due to unreasonable call wait times and dropped calls.

These unreasonably long wait times have been well publicized by news media and by individual borrowers sharing their stories online. One borrower shared his experience of calling MOHELA three times and experiencing call wait times of 144 minutes, 149 minutes, and fifty minutes, respectively.

On the two occasions in which McZeal finally spoke to a customer service representative, the MOHELA employees lacked knowledge of the Waiver and/or Adjustment opportunities, seemed unfamiliar with the student loan system, and generally could not answer McZeal's questions relating to his loans.

---

[2] *Id*. at p. 32, ¶ 161.

For example, the representative McZeal spoke to could not perform the simple task of confirming how his monthly payment amount was determined, when the repayments began and how the arrears were calculated.

### MOHELA Blocks McZeal's Access to Account Information

Reportedly, in 2024, MOHELA further inhibited borrowers' ability to get help or even to self- service their accounts by discontinuing its mobile app, which McZeal used to make payments and manage his account. By removing this resource, MOHELA required McZeal to call for assistance, diverting them into its call deflection pipeline.

Shortly thereafter, MOHELA announced that it was internally transitioning its borrower accounts from one servicing platform to another servicing platform. This transition would not transfer accounts to another servicer, and instead would be internal to MOHELA.

While McZeal's account was apparently being transitioned to the new platform, which is occurring on a rolling basis, MOHELA blocked all access to McZeal's records via its website. As noted in letters McZeal sent to MOHELA, he was routinely locked out of his online account with no way of getting any help from MOHELA.

Even now, McZeal's access to his online account (after finally speaking to a MOHELA representative) the information on the platform did not contain all historical documents, including documents sent by McZeal to MOHELA.

### MOHELA Refused to Communicate with Mr. McZeal About His Loan Status, Then Caused His Credit to Drop More Than 200 Points

In 2024, MOHELA sent Mr. McZeal two separate letters confirming that his loans were in deferment and that no payments were due.

At some point MOHELA changed Mr. Zeal from deferment to repayment with no prior notice, explanation or calculation of the monthly payments due.

Thereafter, MOHELA sent late notices that inaccurately calculated the amount owed. Then, MOHELA compounded this error by reporting and continuing to report his loan account 90 days late to all 3 credit bureaus—Equifax, Experian, and TransUnion. MOHELA's improper reporting of Mr. McZeal's deferred payments being 90 days late caused his credit score to drop from the high 700s down into the 500s.

Additionally, Mr. McZeal applied and was approved for a $150,000 business loan, which was rejected after MOHELA improperly caused his credit to nosedive because he was no longer a credit worthy loan guarantor.

Mr. McZeal sent two letters first-class mail and a certified letter to MOHELA, contesting the information it had sent to all 3 credit bureaus and imploring someone to assist with his account. This help never came. Mr. McZeal remained locked out of his MOHELA account, his letters remained unanswered, and long and impossible phone hold times made talking to a MOHELA representative functionally impossible.

Mr. McZeal is now left with a credit score that is substantially below what it should be and the inability to obtain reasonably any business or personal loan. Further, existing credit limits are based on credit scoring and MOHELA's negative reporting reduces McZeal's credit limit and causes higher interest rates on existing credit.

All of the above-described unlawful conduct is particularly frustrating for McZeal because he did not get to pick his student loan servicer. McZeal is effectively stuck with MOHELA although it cannot or will not lawfully service his loan.

Unable to turn to MOHELA for help with his loan account or for reliable information about the changes to the student loan system, McZeal is harmed and forced to suffer the consequences of MOHELA's unlawful conduct.

Mr. McZeal now brings this action on his own behalf.

## II.     CAUSES OF ACTION

**First Cause Of Action: Violations of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(E)**

Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

MOHELA is a "debt collector" pursuant to 15 U.S.C. § 1692(a)(6).

Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692(a)(3).

The student loans serviced by MOHELA are "debts" pursuant to 15 U.S.C. § 1692(a)(5).

15 U.S.C. § 1692(f) prohibits unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692(e) prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, which includes the use of any false or deceptive means to collect or attempt to collect any debt.

As set forth in detail above, MOHELA violated the FDCPA by failing to communicate the end of deferment and initiation of repayment, the terms of repayment, including but not limited to, tenure, amount of monthly payment, interest and repayment options.

MOHELA defrauded and mislead Plaintiff about the status of his loans, the status of his monthly payment amounts, including failing to properly calculate the monthly amount and arrears.

MOHELA also engaged in unfair and deceptive practices toward Plaintiff by misrepresenting and omitting material information about his loan, including that the loan was transferring from deferment to repayment status, precluding McZeal from accessing information about his account online or via a representative or offering real repayment assistance in any meaningful way.

Pursuant to 15 U.S.C. § 1692(k), Plaintiff is entitled to, and seeks, actual damages as well as reasonable costs and attorneys' fees.

### **VIOLATION OF THE FCRA, 15 U.S.C. § 1681 et. seq.**

Plaintiff incorporates all statements above as if fully restated here.

Defendant, MOHELA, is a "furnisher of information" under FCRA. Upon receipt of notice from a credit agency that a consumer disputes information being reported by a furnisher of information, the FCRA requires furnishers to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher had provided the inaccurate information.

Plaintiff notified Defendants Equifax, Experian, and TransUnion that their reports concerning the Plaintiff's former MOHELA debt were inaccurate. Plaintiff provided copies of relevant documents (indisputable evidence), which was provided to the credit reporting agencies and the agencies notified Defendant MOHELA that Plaintiff was disputing the information it furnished to the credit reporting agencies.

Plaintiff similarly notified Defendant MOHELA that their reporting concerning the Plaintiff's MOHELA debt was inaccurate by providing its dispute, containing relevant documents, to the furnisher directly. Nonetheless, Defendant MOHELA refused to take the corrective measures required by the FCRA.

Defendant MOHELA violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b) through the following conduct:

   a) Failing to conduct an investigation of the accuracy of Plaintiff's loan account before reporting the credit agencies

   b) Intentional failure to report the accurate status of Plaintiff's account information to the credit reporting agencies;

   c) Continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information regarding Plaintiff to the credit reporting agencies despite actual knowledge of these inaccuracies.

Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages to Plaintiff. Consequently, Plaintiff suffered emotional distress and direct economic consequential damages, including credit impairment.

As a result of Defendant's conduct, Plaintiff suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit reports, preventing him from being able to obtain refinancing and maintain existing levels of credit.

Pursuant to 15 U.S.C. § 1681, Defendant is further liable for statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief.

### **NEGLIGENCE**

Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

Plaintiff brings this claim under the laws of Texas.

MOHELA owed duties to Plaintiff to use reasonable care to provide benefits and services for their student loans accounts, including timely communicating with them regarding the status of their IDR application and providing the ability for them to monitor the status of the application and providing an opportunity to cure any deficiencies.

MOHELA's duties of care arose from the special relationship between Plaintiff and

MOHELA, who entrusted MOHELA to provide financial services in connection with MOHELA servicing their loans. At all times relevant herein, MOHELA acted as a fiduciary to Plaintiff and owed them a duty to exercise reasonable care, skill, and ability in timely communicating with them regarding the status of their IDR application.

MOHELA knew, or should have known, that their processes and operations were insufficient and would cause harm to Plaintiff because they did not timely or reasonably communicate the status of his loans whether deferment or repayment status and failed to act within industry standards for the student loan industry, and failed to timely process the applicable loan, communicate with McZeal and properly calculate the amount owed.

MOHELA breaches the duties identified above by failing to, *inter alia*: (i) timely and effectively communicate with McZeal; (ii) accurately notifying McZeal of the status of loan; (iii) communicating with McZeal about the amount or calculation of repayment amount; (iv) blocking McZeal from telephonic and online communication about the details of his loan; (v) maintaining accurate information on the online account that reflects the historical and present condition of the loan; and (vi) accurately calculating the amount owed by McZeal and then reporting same to the credit bureaus.

It was foreseeable that MOHELA's foregoing breaches of its duties of care would cause Plaintiff harm by the substantial damage to his credit score.

But for MOHELA's wrongful and negligent breaches of their duties of care, Plaintiff would not have suffered the harm alleged herein, including the damage to his credit report.

As a direct and proximate cause of MOHELA's negligence, Plaintiff is damaged in an amount to be proven at trial, but not less than the loss of an approved loan of $150,000.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant and in favor of Plaintiff, and grant the following relief:

*First*, damages for violation of the Violations of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(E) declaration that Defendant's conduct violates the FDCPA;

*Second*, damages for violation of the violates the FDCP;  or $1,500 per violation,

*Third*, damages for negligent conduct; appropriate injunctive relief against Defendant to

*Fourth*, an award of Plaintiff's reasonable attorneys' fees and costs; and

*Eighth*, any other relief which the court determines proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

May 22, 2025

By:/*s/ Marcellous S. McZeal*
Marcellous S. McZeal
United States Supreme Court Admission No.: 3036368
United States Southern District of Texas Admission No.: 21271
**GREALISH MCZEAL, P.C.**
700 Louisiana St., 48th Floor
Houston, Texas 77002
(713) 255-3234 – Telephone
(713) 783-2502 – Facsimile
mmczeal@grealishmczeal.com